HUNT v. AMERICAN RADIATOR CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   February 7, 1896.)

1. COMPLAINT—STATING CAUSE OF ACTION.

A complaint alleged that plaintiff, having a half interest in an unpat-
ented device, made a contract with defendants B. and P., partners, where-
by said partners were to obtain a patent for the device, and manufacture
and introduce it into use, and account to plaintiff for half the profits, and
plaintiff's half interest in the patent was to be assigned to said partners;
that all this was done, except that said partners did not account to plain-
tiff; that, after a time defendant S. was organized as a corporation, and, by
an arrangement with B. & P. (the nature of which was not alleged), con-
tinued for a certain time to use the device, and then defendant A., another
corporation, was organized, and ever since has used the device, by an ar-
rangement with B. & P.; that said corporations knew of plaintiff's agree-
ment with the partners, but have not accounted for their use of the device
and the profits therefrom. *Held*, that a cause of action was not stated
against the corporations, no privity being shown between them and plain-
tiff, and there being no allegation that B. & P. fraudulently transferred any
interest in the patent to the corporations, or that there was any violation
of any agreement with plaintiff in permitting them to use the device.

2. SAME—PRAYER.

Said complaint does not justify a prayer for retransfer to plaintiff of
his interest in the patent, a mere failure to account under a valid and sub-
sisting contract being shown.

3. SAME—IMPROPER JOINDER OF CAUSES OF ACTION.

Even if said partners should be considered as trustees, and the other
defendants, having knowledge, be chargeable with performance of the
trust, the complaint would be bad for improper joinder of causes of ac-
tion, as, if liable at all, each corporation is liable to account for the pe-
riod of its user, and there is no community of interest between them; and
that the partners are stockholders in each makes no difference.

Appeal from special term, Erie county.

Action by Nathaniel N. Hunt against the American Radiator Com-
pany and others.   From a judgment sustaining demurrers to the com-
plaint, plaintiff appeals.   Affirmed.

The opinion of Mr. Justice SPRING at special term is as follows:

Denuded of verbiage, the complaint is as follows: It alleges that one Bry-
ant had invented a tapping machine, and method for cutting screw threads;
that he assigned one-half interest in this unpatented device to the plaintiff;
that the defendants Bond & Pierce, who were copartners, entered into an
agreement with said plaintiff whereby the said defendants were to obtain a
patent of such device, and manufacture and introduce the same into use,
and to account to the plaintiff for one-half of the gains and profits flowing
from the business carried on, and by the terms of such agreement the one-
half interest in such patent owned by plaintiff was to be assigned to said
Bond & Pierce, and the same was accordingly done; that in pursuance of
said agreement said copartnership defendants did secure such patent, and
did carry on the business contemplated thereby, and have failed to account
(stating a cause of action against Bond & Pierce); that after a time the de-
fendant the Pierce Steam-Heating Company was organized as a corporation,
and by an arrangement with said Bond & Pierce, the nature of which is not
alleged in the complaint, continued for a definite period to use said device,
and then another corporation, the American Radiator Company, defendant,
was organized, and since that time it has been using said device by virtue
of an arrangement with said copartnership defendants, and it has failed to
account for such use and the profit arising therefrom; that each of said
corporations knew of plaintiff's agreement with said Bond & Pierce.   The

demurrer is on two grounds: (1) The failure to state a cause of action; (2) the improper joinder of causes of action.

Each ground seems to me tenable. A cause of action is stated against Bond & Pierce, but there is no privity alleged, nor can any be fairly spelled out of the complaint, between the plaintiff and the other two defendants. There is no allegation that Bond & Pierce fraudulently transferred any interest in the patent to either of said corporations, or that there was any violation of any agreement with plaintiff, in permitting either of them to use the device. So far as the pleading shows, the copartnership held a valid right to its use, and that, too, without restriction. The copartners' duty was simply to account to plaintiff for the profits accruing from the business. They, within the compass of their rights, by some understanding, allowed each of these defending corporations to use this device. There is no suggestion of any violation of that agreement with plaintiff in this license or permission or contract, whatsoever it may have been. That in no way absolved Bond & Pierce from accounting to plaintiff. Plaintiff was in the same situation in which he had always been. He had, according to his averments, a valid claim against them, and it was not impaired or affected by the arrangement with the defendants using the machine under these copartners. There is no allegation that the corporations were to account to plaintiff. They were liable to Bond & Pierce, and they have accounted, for aught that appears, but there was no privity between them and plaintiff. This is not the familiar case of novation, where the transferee agrees to account to the original owner, or assumes a specific burden running to a third party, for there is no intimation of an assumption of any liability by either of these corporations. It is simply that Bond & Pierce permitted these other defendants to use this device, and that neither conflicts with the rights of the plaintiff in his dealings with the copartners, nor does it impose any burden on the licensees to account to plaintiff, so far as the allegations of the complaint show. A cause of action cannot be hinged upon the indefinite allegation that the arrangement between the copartners and the corporations was unknown to plaintiff. In order to make defendant corporations liable, there must have been an agreement to pay plaintiff, and no such averment is pleaded, and it cannot be said the allegation referred to is sufficient to justify that inference.

If, however, it should be urged the copartners were trustees, and that the other defendants, having knowledge, are chargeable with the performance of the trust, and hence liable to account, we are confronted with the other ground of demurrer,—the uniting of actions improperly. The complaint alleges that the Pierce Steam-Heating Company used the device during its corporate existence. If liable at all, that corporation would be liable to account for the period of its user. That is a precise, specific cause of action. The radiator company has used the patent since its organization, and is still using it,—another ascertainable period. There is no community of interest between the two. The fact that Bond & Pierce are stockholders in each corporation in no way alters the situation. They are legal entities, distinct and separable, and each chargeable for its own acts. If one-eighth of the right of user of the device had been granted to the radiator company, a like fractional part to the Pierce Company, and a similar quantity to an individual, each explicitly chargeable with the duty of accounting to plaintiff, he could not sue them all in one action, for each stands on its own rights. Their interests are severable and divisible. If the plaintiff were the holder of half a dozen promissory notes against different makers, no one would claim the simple fact he was the owner of them all would justify him in bringing one action on all the notes; and if Bond & Pierce, with others, were makers on these notes, it would not alter the rule. In a suit in equity the rule inheres in its vigor, relaxed at times to prevent a multiplicity of suits, or where, possibly, an accounting is subsidiary to the main issue; but whether a suit in equity, or an action at law, to justify uniting several parties as defendants there must be a common interest, centering in one cause of action. The complaint contains, in its prayer for relief, a request that the defendants retransfer the interest in the patent to the plaintiff, but there is no allegation in the complaint justifying the prayer. The assignment to Bond & Pierce is not attacked as fraudulently made or induced. There is no claim of a denial

of any interest of plaintiff in the patent, but it is simply a failure to account, in pursuance of an agreement which is recognized in the complaint as valid and subsisting. So the relief really sought by the complaint is an accounting, and each must account, if at all, to the extent of his user. If this pleading is good, it involves the trial of three causes of action, with no sort of relation to each other, and against three defendants who are not united in interest, and all in one action. A jumble of that kind is not within the compass of the most liberal interpretation of Code pleading, in all its anxiety to obviate a multiplicity of suits. The cases cited by plaintiff are clearly distinguishable. In Brinkerhoff v. Brown, 6 Johns. Ch. 139, which is a leading case, the joinder of actions was upheld because there was a fraudulent conspiracy alleged, and that was the gravamen of the action; but the court explicitly enunciated the principle that it was necessary for all parties to be affected alike, to justify making them defendants. See Nichols v. Drew, 94 N. Y. 22; Adams v. Stevens, 7 Misc. Rep. 468, 27 N. Y. Supp. 993; Gardner v. Ogden, 22 N. Y. 327. The demurrer must be sustained, with costs.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Willard Payson Smith and John Cunneen, for appellant.
William L. Marcy, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of SPRING, J., delivered at special term, with leave to amend the complaint upon payment of costs of the demurrer and of this appeal.

---

(1 App. Div. 538.)

### FLACK v. BRASSEL et al.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

ACTION ON BOND OF DEPUTY SHERIFF—PLEADINGS IN ANOTHER ACTION AS EVIDENCE.

In an action by a sheriff, on a deputy's bond, for loss arising from failure of the deputy to notify the sheriff that a check received by the deputy from a claimant of attached goods, pursuant to a stipulation between the attachment plaintiff and claimant to secure release of the goods, was, by the stipulation, given as absolute security for any judgment the attachment plaintiff might recover in his action, and not merely in substitution for the attached goods, it appeared that in an action by the claimant against the sheriff, in which the claimant recovered the check, the sheriff, in his answer, alleged that he, by one of his deputies, received the check from claimant, and a receipt was given therefor by the deputy, stating that it was deposited in lieu of the attached goods; that thereafter the attachment plaintiff claimed that the check was the property of the attachment defendant, and that the sheriff should apply it in satisfaction of any judgment which the attachment plaintiff might recover in his action against the attachment defendant; and, further, that claimant's claim had been waived by his consent and agreement. Held, that such answer was not evidence that, prior to decision of the case of claimant against the sheriff, the sheriff had knowledge of the provision of the stipulation that the check was to be held as absolute security for any judgment of plaintiff in attachment.

Appeal from judgment on report of referee.
Action by James A. Flack against Roday S. Brassel and others. From a judgment for plaintiff, defendants appeal. Affirmed.
Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.